UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELA K. WARTNER,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | No. 2:17-cv-0387 DB<br><br><br><br>ORDER |

This social security action was submitted to the court without oral argument for ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment.[1] Plaintiff argues that the Administrative Law Judge impermissibly rejected the examining physician's opinion. For the reasons explained below, plaintiff's motion is granted, defendant's cross-motion is denied, the decision of the Commissioner of Social Security ("Commissioner") is reversed, and the matter is remanded for further proceedings consistent with this order.

PROCEDURAL BACKGROUND

On April 5, 2013, plaintiff filed applications for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act") and for Supplemental Security Income

---

[1] Both parties have previously consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636(c). (See ECF Nos. 7 & 8.)

1

("SSI") under Title XVI of the Act, alleging disability beginning on October 1, 2011.[2] (Transcript ("Tr.") at 16, 94-95.) Plaintiff's applications were denied initially on November 12, 2013, and upon reconsideration on February 18, 2014. (Id. at 108, 121, 122-32.) Thereafter, plaintiff requested an administrative hearing and this hearing was held before an Administrative Law Judge ("ALJ") on December 17, 2014. (Id. at 36-65.) Plaintiff was represented by a non-attorney representative and testified at the administrative hearing via video conferencing. (Id. at 16, 36-38.)

In a decision issued on August 25, 2015, the ALJ found that plaintiff was not disabled. (Id. at 30.) The ALJ entered the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2016.
>
> 2. The claimant has not engaged in substantial gainful activity since September 12, 2012, the alleged amended onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).
>
> 3. The claimant has the following severe impairments: degenerative disc disease of the lumbar spine, status post posterior fusion with instrumentation at L3 to L4 and L4 to L5; degenerative disc disease of the cervical spine, mild degenerative joint disease of the bilateral hips, and obesity (20 CFR 404.1520(c) and 416.920(c)).
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).
>
> 5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except as follows: the claimant can occasionally perform postural activities, except she can frequently kneel and crouch and she can never climb ladders, ropes, or scaffolds.
>
> 6. The claimant is capable of performing past relevant work as a cashier. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).

////

---

[2] Plaintiff later amended the disability onset date to September 12, 2012. (Tr. at 16.)

> 7. The claimant has not been under a disability, as defined in the Social Security Act, from September 12, 2012, the amended alleged onset date, through the date of this decision (20 CFR 404.1520(f) and 416.920(f)).

(Id. at 18-30.)

On December 20, 2016, the Appeals Council denied plaintiff's request for review of the ALJ's August 25, 2015 decision. (Id. at 1-7.) Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on February 21, 2017. (ECF No. 1.)

## LEGAL STANDARD

"The district court reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error." Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)). If, however, "the record considered as a whole can reasonably support either affirming or reversing the Commissioner's decision, we must affirm." McCartey v. Massanari, 298 F.3d 1072, 1075 (9th Cir. 2002).

A five-step evaluation process is used to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; see also Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). The five-step process has been summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404,

> Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987). The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

## APPLICATION

In her pending motion plaintiff argues that the ALJ impermissibly rejected an examining physician's opinion. (Pl.'s MSJ (ECF No. 14) at 5-10. [3]) The weight to be given to medical opinions in Social Security disability cases depends, in part, on whether the opinions are proffered by treating, examining, or nonexamining health professionals. Lester, 81 F.3d at 830; Fair v. Bowen, 885 F.2d 597, 604 (9th Cir. 1989). "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant . . . ." Lester, 81 F.3d at 830. This is so because a treating doctor is employed to cure and has a greater opportunity to know and observe the patient as an individual. Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996); Bates v. Sullivan, 894 F.2d 1059, 1063 (9th Cir. 1990).

The uncontradicted opinion of a treating or examining physician may be rejected only for clear and convincing reasons, while the opinion of a treating or examining physician that is controverted by another doctor may be rejected only for specific and legitimate reasons supported by substantial evidence in the record. Lester, 81 F.3d at 830-31. "The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." Id. at 831. Although a treating

---

[3] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

4

physician's opinion is generally entitled to significant weight, "'[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings.'" Chaudhry v. Astrue, 688 F.3d 661, 671 (9th Cir. 2012) (quoting Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1228 (9th Cir. 2009)).

Here, plaintiff argues that the ALJ impermissibly rejected the medical opinion of the examining physician, Dr. Sidney Cormier. (Pl.'s MSJ. (ECF No. 14) at 8.) Dr. Cormier, a clinical psychologist, examined plaintiff on September 3, 2013. (Tr. at 348.) Dr. Cormier's examination consisted of a review of the plaintiff's treatment records, patient history, and administration of several objective tests as part of a mental status examination. (Id. 348-56.)

Dr. Cormier's mental status examination revealed that plaintiff's "mood appeared to be anxious with a congruent quality of affect." (Id. at 350.) Plaintiff also did "not have a very good grasp of anticipating the consequents of her own or other people's behaviors." (Id.) Testing suggested that plaintiff had a "mild to moderate impairment regarding flexibility of cognitive sets and sequencing." (Id. at 352.)

Dr. Cormier opined, in relevant part, that plaintiff's "mild depression is likely to moderately impair her ability to perform complex and detailed tasks but perhaps only mildly impair her ability to perform simple and repetitive ones." (Id. at 353.) Plaintiff's ability to complete a normal workday or workweek without interruptions due to her depression also "may be mildly impaired." (Id.) Moreover, plaintiff's "reported history in response to the stress of the evaluation suggested moderate impairment regarding her ability to deal with typical stresses that she might encounter in a competitive work situation[.]" (Id.)

The ALJ's decision discussed Dr. Cormier's examination, although not his opined limitations, and afforded the opinion "little weight." (Id. at 21.) In support of this decision, the ALJ noted that Dr. Cormier's opinion "was based on a one-time examination[.]" (Id.) Examining opinions, however, are usually rendered after a single examination. And, confusingly, immediately prior to affording Dr. Cormier's opinion little weight, the ALJ elected to afford the opinions of physicians who had never examined plaintiff "great weight." (Id.)

////

The ALJ also rejected Dr. Cormier's opinion because it was based on a "review of only a limited amount of treatment record[^4]" and was "inconsistent with the record as a whole[.]" The ALJ stated:

> Notably, although the claimant periodically complained of anxiety and/or depression to a general practitioner, which was treated with psychiatric medication, the findings from psychiatric examinations at periodic office visits were consistently normal.

(Id.) The ALJ's decision provides only a general citation to plaintiff's medical records to support this finding. Earlier in the ALJ's decision, however, the ALJ made this same assertion and provided specific citations to the record. (Id. at 20.) Review of those citations finds that the ALJ may have been referring to medical records from plaintiff's office visits in which, as part of the visit, the physician reviewed basic categories of systems including "respiratory," "cardiovascular," "skin," "musculoskeletal," "psychiatric," etc., before discussing the cause of the patient's visit. (Id. at 390.)

The court notes that "[t]he primary function of medical records is to promote communication and recordkeeping for health care personnel—not to provide evidence for disability determinations." Orn v. Astrue, 495 F.3d 625, 634 (9th Cir. 2007). Nonetheless, the record contains numerous examples that are consistent with Dr. Cormier's opinion. For example, on December 19, 2011, plaintiff presented with chest pain and noted "depressed moods and anxiety off and on for last 2 months." (Id. at 445.) Plaintiff was diagnosed with "Anxiety," management with medication was discussed but refused at that time. (Id. at 446.) On December 10, 2012, plaintiff reported that "she started smoking again due to depression." (Id. at 419.)

On May 14, 2013, plaintiff was seen, in part, for a "[f]ollow up of depression." (Id. at 404.) It was noted that plaintiff presented "with depressed mood." (Id.) Plaintiff was diagnosed with "Depression" and advised to "continue with amitriptyline[.]" (Id. at 406.) On June 13, 2013, plaintiff presented complaining, in part, about her anxiety. (Id. at 396.) Plaintiff was

---

[^4]: It is unclear precisely what the ALJ meant by characterizing Dr. Cormier's review as "of only a limited amount of treatment records[.]" (Tr. at 21.) This is especially so given that Dr. Cormier examined plaintiff at the request of the Commissioner and reviewed the "records . . . that were provided by [the Commissioner's] office." (Id.)

6

diagnosed as suffering from "Anxiety NOS" and advised to "continue with amitriptyline[.]" (Id. at 397.)

The ALJ also asserted that "Dr. Cormier's own examination . . . revealed quite limited positive findings[.]" (Id. at 21.) Although the ALJ interpreted Dr. Cormier's examination to have revealed limited objective positive findings, the examination did reveal that plaintiff was "anxious with a congruent quality of affect," did not have a very good grasp of anticipating the consequences of behaviors, had impaired foresight, and had a mild to moderate impairment regarding flexibility of cognitive sets and sequencing. (Id. at 350-52.)

Moreover, "[p]sychiatric evaluations may appear subjective, especially compared to evaluation in other medical fields. Diagnoses will always depend in part on the patient's self-report, as well as on the clinician's observations of the patient. But such is the nature of psychiatry." Buck v. Berryhill, 869 F.3d 1040, 1049 (9th Cir. 2017); see also Poulin v. Bowen, 817 F.2d 865, 873 (D.C. Cir. 1987) ("unlike a broken arm, a mind cannot be x-rayed").

Finally, the ALJ found that Dr. Cormier's examination did "not support the finding of a severe mental impairment." (Tr. at 21.) According to the Commissioner's regulations, an impairment is not severe if it does not "significantly limit [the claimant's] physical or mental ability to do basic work activities." See 20 C.F.R. §§ 404.1520(c), 416.920(c), 416.921(a). Basic work activities include mental activities such as understanding, carrying out, and remembering simple instructions; use of judgment; responding appropriately to supervision, co-workers, and usual work situations; and dealing with changes in a routine work setting. See 20 C.F.R. §§ 404.1521(b), 416.921(b); Social Security Ruling ("SSR") 85-28. Here, Dr. Cormier found that plaintiff's "evaluation suggested moderate impairment regarding her ability to deal with typical stresses that she might encounter in a competitive work situation[.]" (Tr. at 353.)

For the reasons stated above, the court finds that the ALJ failed to provide specific and legitimate, let alone clear and convincing, reasons supported by substantial evidence in the record for rejecting Dr. Cormier's opinion. Accordingly, plaintiff is entitled to summary judgment on the claim that the ALJ's treatment of the medical opinion evidence constituted error.

////

CONCLUSION

With error established, the court has the discretion to remand or reverse and award benefits. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989). A case may be remanded under the "credit-as-true" rule for an award of benefits where:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

Garrison v. Colvin, 759 F.3d 995, 1020 (9th Cir. 2014). Even where all the conditions for the "credit-as-true" rule are met, the court retains "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." Id. at 1021; see also Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits."); Treichler v. Commissioner of Social Sec. Admin., 775 F.3d 1090, 1105 (9th Cir. 2014) ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

Here, plaintiff argues that this matter should be remanded for further proceedings and the court agrees. (Pl.'s MSJ (ECF No. 14) at 11.)

Accordingly, for the reasons stated above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 14) is granted;
2. Defendant's cross-motion for summary judgment (ECF No. 17) is denied;
3. The Commissioner's decision is reversed;

////

////

////

////

////

4. This matter is remanded for further proceedings consistent with this order; and

5. The Clerk of the Court shall enter judgment for plaintiff, and close this case.

Dated: September 6, 2018

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:AB
DB\orders\orders.soc sec\wartner0387.ab.ord